(No. 31724.—

LOMBARDO WINE CO., Appellee, *vs.* CHALMER C. TAYLOR *et al.*, Appellants.—IRVIN PADNOS, Appellee, *vs.* CHALMER C. TAYLOR *et al.*, Appellants.

*Opinion filed November 27, 1950.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (ROBERT J. BURDETT, of Chicago, of counsel,) for appellants.

SCHULTZ & SCHWARTZ, of Chicago, (ALLEN H. SCHULTZ, of counsel,) for appellee Lombardo Wine Co., and MAURICE R. KRAINES, of Chicago, for appellee Irvin Padnos.

Mr. JUSTICE FULTON delivered the opinion of the court:

This appeal involves two actions for declaratory judgment filed in the circuit court of Cook County. In the first case, Lombardo Wine Co. attacks as unconstitutional section 2 of "An Act regulating the sale and distribution of alcoholic beverages," approved July 24, 1947, herein referred to as the Price Posting Act. (Ill. Rev. Stat. 1949, chap. 43, par. 206.) In the second case, Padnos challenges the constitutionality of each and every section of said statute.

Lombardo Wine Co. by its complaint alleged that for many years it had been engaged in the State of Illinois in the business of bottling and distributing wine at wholesale to wholesalers and retailers licensed by the Illinois Liquor Control Commission and that it had been duly licensed as an importing distributor under the provisions of the Liquor Control Act. It alleged that the commission had ordered it to file each month a schedule of wholesale prices of its wines to be offered for sale in the State of Illinois in accordance with the provisions of section 2 of the act above referred to. It next alleged that it desired to meet competitive conditions in the wine industry by selling its products at any price it saw fit and alleged that under sections 2 and 14 of article II of the Illinois constitution and under the fourteenth amendment of the United States constitution it had such right. The complaint then alleged that the Price Posting Act was unconstitutional and void for the following reasons: (a) The law is incomplete, lacking all of the terms and conditions when it left the legislature, so that no one might know by reading the law what his rights are and how it will operate when put into execution; (b) It cannot be considered as an amendment to the Liquor Control Act because it was not adopted in accordance with the provision of section 13 of article IV of the constitution of the State of Illinois, providing that "no law shall be revived or amended by reference to its title only, but

the law revived, or the section amended, shall be inserted at length in the new act;" (c) Inasmuch as the Liquor Control Act minutely defines "alcoholic beverages," and inasmuch as said Price Posting Act applies to "alcoholic liquors other than beer," said Price Posting Act is special legislation and in violation of section 22 of article IV of the constitution of 1870; (d) Said law is arbitrary and has no relationship to the health, safety and welfare of the People of the State of Illinois; (e) The penalty provisions of said section (Ill. Rev. Stat. 1949, chap. 43, par. 208,) are a delegation of judicial power to an administrative agency in violation of article III of the constitution of 1870.

In the Padnos case, the plaintiff, a retail dealer in alcoholic liquors duly licensed, alleges that the entire act is void for the same reasons before set forth above with reference to the Lombardo case, and in addition thereto alleges the following: (a) The act provides for penalties not proportioned to the nature of the offense, in violation of section 11 of article II of the constitution of 1870; (b) Denies to the accused the protection afforded by section 9 of article II of the constitution of 1870; (c) Said act is in violation of section 19 of article II of the constitution of 1870; (d) Said act permits the creation of private regional monopolies, a purpose not expressed in the title of the act as required by section 13 of article IV of the constitution of 1870, and likewise requires price fixing in the wholesale level, a purpose not expressed in the title; and, moreover, provides special sanctions for the collection of debts, a purpose not expressed in the title; (e) The act compels retailers near the source of supply to pay the same price for liquor as those further from the source of supply, in violation of: (1) section 2 of article II, section 22 of article IV, and section 1 of article IX of the constitution of 1870, and (2) article VI of the United States constitution and the Robinson-Patman Act. 15 U.S.C. 1946 ed. sec. 13 *et seq.*

By his complaint Padnos alleged that regional monopolies had been established as a result of this law and that he had been unable to secure a discount in excess of 1 per cent on the purchase of any brands named; that he was compelled to pay the same price for liquor which is manufactured and produced at Peoria as a retailer at Cairo and that the cost of transportation of whisky from Peoria to Cairo exceeds that from Peoria to Chicago. He also complains about the so-called "Black Listing" provisions of the law.

The defendants, who are members of the Liquor Control Commission, filed motions to strike the complaints. The cases were then consolidated before hearing on the motions to strike and upon a hearing the trial court refused to strike the complaints and held as follows: (a) That the act was not complete in all of its terms and conditions when it left the legislature and is, therefore, void; (b) That it is contrary to section 13 of article IV of the constitution of 1870 in that it was an attempted amendment of an existing law and embraced subjects outside the scope of its title; (c) That enactment of the statute in question exceeded the reserved police powers of the legislature in that it has no application to the health, safety, welfare or morals of the people; that the various substantive sections, namely 1, 2 and 3 are not separable and that the whole act must be held unconstitutional.

The Liquor Control Commission has filed an appeal to this court. They contend that their motions to strike the complaints should have been allowed and that the court erred in declaring the entire act unconstitutional, and that it also erred in declaring each separate section thereof unconstitutional.

The statute complained of was enacted by the legislature in 1947. It consists of five sections. The title of the act is "An Act regulating the sale and distribution of alcoholic beverages." Section 1 provides for registration of whole-

salers having exclusive distribution rights in a territory. It provides that the person or firm owning or controlling the trade-mark brand or name shall have the right to register the same with the Illinois Liquor Control Commission and thereafter any other person, other than the registered distributor, who shall sell, distribute or possess for sale or distribution any of said liquors "shall be subject in the manner provided by law to such action as the Commission may determine."

Section 2 of the act provides that it shall be unlawful for any person licensed to sell alcoholic liquors other than beer to a distributor, import distributor or retailer, to discriminate directly or indirectly on prices or discounts on merchandise sold or rebates, free goods or allowances or any other inducement except the discount of 1 per cent for sales of 5-case quantities of the same brand of alcoholic liquor except wine and beer and a discount not in excess of 3 per cent for sales of 5-case quantities of wine. It further provides that the distributor shall, in writing, file with the commission, monthly, the bottle and case price of all liquor sold, which price shall remain effective until the next month and that it would be illegal to sell any of such items at less than the price posted. This section further provides that the "State Commission" shall suspend the license of any person who wilfully violates the provision of this section and that the suspension for the first violation shall be five days, the second violation thirty days and each violation thereafter sixty days.

Section 3 of the act provides that no distributor shall sell any alcoholic liquor to any retailer except for cash or on terms requiring payment on or before thirty days after actual delivery. This section also provides for the "black listing" of dealers who had been more than thirty days past due in payment of their accounts. Section 4 of the act provides for the suspension or revocation of licenses for violating the provisions of the act, the penalty for the

first offense not to exceed ten days suspension, the second thirty days, and, for the third violation, the license to be suspended indefinitely.

It appears that the validity of the foregoing law depends upon the application of either of two principles of constitutional law, namely: (1) Is the law complete in all of its terms and conditions when it leaves the legislature so that any person may know by reading the law what their rights are and how the law will operate when it is put into execution? (2) Does the law unconstitutionally amend other statutes contrary to section 13, article IV of the constitution, requiring that a law cannot be revived or amended by reference to its title only?

This case presents similar constitutional questions to those presented in the case of *Illinois Liquor Control Com. v. Chicago's Last Liquor Store, Inc.*, 403 Ill. 578. In that case we held the Mandatory Fair Trade Act unconstitutional. When we consider the provisions of the Price Posting Act now before the court with the provisions of the Mandatory Fair Trade Act, we believe that the Price Posting Act is subject to similar constitutional objections. A careful reading of this law requires us to conclude that it is an independent act and that it lacks many provisions to make it effective as a separate act of legislation. This law does not provide for notice of hearing concerning violations of the statute. It does not provide a means for summoning persons as witnesses at any hearings. It does not provide how or where changes for violation of its terms may be filed against any licensee. It does not define the powers of the Illinois Liquor Control Commission, nor does it define the duties of the commission in the execution of any of its powers. If there were no Liquor Control Act, the law under consideration in this case would be unintelligible. Such terms as alcoholic beverages, alcoholic liquors, distributors, importing distributors, subdistributors, bottlers, manufacturers, and retailers are used in

this act. There is no definition of the meaning of these terms contained in this act and a mere recital of the foregoing terms would clearly indicate that they required some definition. In order to understand the meaning of these terms it would be necessary to refer to the Liquor Control Act and it is possible that the terms might have a different meaning under that act than in this act.

There is, likewise, no provision in the act under consideration for a review of the findings or rules of the Illinois Liquor Control Commission promulgated under the act and there is no procedural system established for reviewing the same. As we stated in *Illinois Liquor Control Com.* v. *Chicago's Last Liquor Store, Inc.* 403 Ill. 578, when this act is considered as a separate act, the statute is uncertain and incomplete and cannot be put into operation except by assuming that portions of other statutes are understood to be a part thereof.

We do not see how the act here involved can be held as an amendment to the Liquor Control Act. Section 13 of article IV of the Illinois constitution provides, "no law shall be revived or amended by reference to its title only, but the law revived, or section amended, shall be inserted at length in the new act." The purpose of this section of the constitution is to prevent the enactment of amendatory statutes in terms so blind that the legislators themselves are sometimes deceived in regard to their effect and the public fails to become apprised of the changes made in the law because of difficulty in making the necessary examination and comparison. (*People ex rel. Stuckart* v. *Knopf*, 183 Ill. 410.) We believe that the act here in question cannot be considered a valid amendment to the Illinois Liquor Control Act for the same reasons for which we held the Mandatory Fair Trade Act unconstitutional in *Illinois Liquor Control Com.* v. *Chicago's Last Liquor Store*, 403 Ill. 578.

Counsel for the Illinois Liquor Commission have argued that provisions of this act are separable and therefore the ·entire act should not be declared invalid. We have carefully reviewed each of the sections complained of and it appears to us that they are not severable from the balance of the act and that the entire act must be declared invalid. They are so intermeshed with the Illinois Liquor Control Act that any attempt to separate them is impossible. For the reasons stated in this opinion, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*